Judge Buckner
delivered the opinion of the court.
Waller Overton executed to. Thomas Overton, the following covenant.
I,’Waller Overton, of Fayette county in the state of Kentucky, for and in’ cou-ideralion of one dollar, do oolige myself, tny heirs executors and administrators, to pay to Tilomas Overton, sen. of (he county of D ividson, in the state of Tennessee, one half of the money or property, which the said Waller Overton m >y receive (when sold) of his interest in and to a certain tract of land, granted to said Waller Overton and William H ¡ward, agreeable to a patent bearing d ite, the lOtli day of June, ¡798; for (he quantity of two. thousind acres, in the county of Fleming; the said Thomas Overton being subject to the payment of one half of all the necessary expenses that may or have arisen. In testimony whereof, I have set my *460 hand and affixed mv seal, tins 2d day of January, 1805» WALLER OVERTON, [seal.”]
The obligor and obligee having departed this life, the administrators of the latter, instituted an action of covenant, against the executors of the former, on the aforesaid instrument; and obtained a verdict and judgment for ,§516 25 cents and costs; from which the executors have appealed, and assigned various errors, one only of which we shall notice. It is that which relates to the overruling the demurrer to the declaration.
To the original and first amended declaration, demurrers were supported. To the second amended declaration, on which the judgment was obtained; a demurrer was also filed; but was overruled. It contains two counts. In the first, after setting forth the covenant, it is averred, that Waller Overton did sell and exchange his interest in and to said tract of laud, for property; to wit, for horses, mares and geldings, of great value, &c. and that he did thereafter sell and dispose of s,iidihorses for a large sum of money; to-wit, for the sum of §3000, which he converted to his own use; the said Thomas beinsr then and there entitled to have and receive of said Waller, (he one half ofsaid sum, after deducting therefrom one dollar, that being one half of the necessary expenses that had arisen.
The second avers generally, that said Waller had gold his interest, in the aforesaid tract of land, (without stating whether the sale was made for money or property) and that the appellees did on the-day of --, after the death of the said Waller and Thomas, and before the commencement of this suit, demand of Wm. T. Smith (one of the appellants) as executor ofsaid Waller, at his usual place of residence, that he would pay and deliver to them, one ha If of the money or other property, which the said Waller had received, for his interest in arid to said tract of land; but the said William T. Smith did fail and refuse to do so. The count then concludes with additional averments, negativing a performance of the covenant, on the part of the appellants, or their testator.
The first count cannot be sustained. It contains *461 no distinct averment, that the testator of the appellants had received tiie horses, for which the land had been sold; but (hit need not he regarded, because that he did receive them, must be inferred from the averment, that he liad sold and disposed of them. But there is no valid breach assigned, applicable to the count. If the obligor in the covenant, sold the land for horses only; he was not bound, by }he covenant, to pay to the covenantee, or his representatives, one half of what he may have sold them for, as the draftsman of the declaration seems to have supposed. The proper breach to he assigned in such case, would bp, that ori demand, at the usual place of residence of the covenantor, if the demand were made of him, he failed to deliver one hnlfof the horses received as 1 he price of the laud; or, if a demand of one of his executors, at his place of residence be good, that such demand was made, and that he failed, &c. As the demurrer, however, was general to the whole declaration, if either of the two counts was valid, it should have been overruled. But the second count is equally defective. Like tho first, It has no averment, that Waller Overton had received the price, or any part thereof, for which he had so’d the land; nor is there any averment, as in the iirst count, which can cure tiie omission.
When the demurrer is-gen-'r.d to the whole declaration, if ei-t )er the counts in the declaration is good, the demurrer must be overruled.
Wickliffe and Woolley, for appellant; Chinny for ap-pellees.
That the appellees demanded of Smith, that he would pay and deliver to them, one half of the money or other property, which his testator had received for his interest in the land, is not .sufficient, it does not amount to an averment, that Waller Overton had received tiny part of the price, for which he had sold the land; but only, that a demand was niade to pay or deliver one half of what he may have received, if he had received any thing.
The demurrer, therefore, was improperly overruled.
Wherefore, the judgment must be reversed, with costs; and the cause remanded to the circuit court, for such proceedings to be had as may not be inconsistent with this opinion.